UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Napoleon Vargas

(In the space above enter the full name(s) of the plaintiff(s).)

-against-

Reliant Realty-Ahmed taylor.

(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the space
provided, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of names.
Typically, the company or organization named in your charge
to the Equal Employment Opportunity Commission should be
named as a defendant. Addresses should not be included here.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/14

AMENDED

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

13 CIV 2341

Jury Trial: ☐ Yes   ☐ No
(check one)

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

__X__   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
to 2000e-17 (race, color, gender, religion, national origin).
**NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a
Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
621 - 634.
**NOTE:** *In order to bring suit in federal district court under the Age Discrimination in
Employment Act, you must first file a charge with the Equal Employment Opportunity
Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
12117.
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act,
you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity
Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age,
race, creed, color, national origin, sexual orientation, military status, sex,
disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
131 (actual or perceived age, race, creed, color, national origin, gender,
disability, marital status, partnership status, sexual orientation, alienage,
citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name  Napoleon F. Vargas
Street Address  519 Jefferson Ave
County, City  Rockville Center, NY, 11570
State & Zip Code  11570
Telephone Number  C: 516 244 3514    H: 516-608-5214

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  Name  885th 2nd ave - Reliant Realty & Ahmed Taylor
Street Address  885th 2nd ave
County, City  New York, NY
State & Zip Code  10017
Telephone Number  _____

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer  350 St anns - Reliant Realty & Ahmed Taylor
Street Address  350 St anns ave
County, City  Bronx, NY 10454
State & Zip Code  10454
Telephone Number  646 374-0072

II. **Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____  Failure to hire me.

   X    Termination of my employment.

_____  Failure to promote me.

_____  Failure to accommodate my disability.

_____  Unequal terms and conditions of my employment.

Rev. 05/2010                                          2

      _____    Retaliation.

      _____    Other acts *(specify)*: _____.

    Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: **March, 2011 TO 4-25-13**.
                                                                                                   *Date(s)*

C.    I believe that defendant(s) *(check one)*:

        ✓    is still committing these acts against me.

      _____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☒  race **ISPANO**      ☒  color **BLANCO**

      ☐  gender/sex _____     ☐  religion_____

      ☐  national origin _____

      ☐  age.  My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

      ☐  disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

*Please see attachment. The facts are listed on my paper attached*

    Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III.  Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.  The Equal Employment Opportunity Commission *(check one)*:

   ✓ has not issued a Notice of Right to Sue letter.
   
   ~~NO~~ issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

   *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

   Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

   _____ 60 days or more have elapsed.
   
   _____ less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 24 day of 11, 20 14

Signature of Plaintiff  [signature]

Address

519 Jefferson Av.
Rockville Centre 11570

Telephone Number  516 244 3574

Fax Number *(if you have one)* _____

Rev. 05/2010                                         4

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAPOLEON VARGAS,

                Plaintiff,

- against -

RELIANT REALTY AND AHMED TAYLOR,

                Defendants.

**ORDER**

13 Civ. 2341 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se plaintiff Napoleon Vargas brings this action against Defendants Reliant Realty ("Reliant") and Ahmed Taylor alleging that he was discriminated against on the basis of national origin in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-297, and on the basis of a disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-17. (Cmplt. (Dkt. No. 2); Am. Cmplt. (Dkt. No. 9)) Vargas also claims that his employment was terminated in retaliation for his complaints about unlawful discrimination, in violation of the NYSHRL. (Am. Cmplt. (Dkt. No. 9))

        In a September 9, 2014 order, this Court dismissed Plaintiff's claims. See Vargas v. Reliant Realty, No. 13 Civ. 2341 (PGG), 2014 WL 4446165, at *10 (S.D.N.Y. Sept. 9, 2014). The Court granted Plaintiff leave to amend to add a Title VII discrimination claim against Reliant, and ordered that "[a]ny Second Amended Complaint must be filed within 30 days of this Order." Id. (emphasis added). All of Plaintiff's remaining claims were dismissed without leave to amend. Id.

        The docket indicates that the September 9, 2014 Order was sent to Plaintiff via certified mail on September 9, 2014. The Clerk's Office received a return receipt on September

17, 2014.

Plaintiff has not filed a Second Amended Complaint.

The Clerk of the Court is respectfully directed to close the case. The Clerk is further directed to mail a copy of this order by certified mail to pro se plaintiff Napoleon Vargas, 519 Jefferson Ave., Rockville Center, New York 11570.

Dated: New York, New York
      November 10, 2014      SO ORDERED.

                                            _____
                                            Paul G. Gardephe
                                            United States District Judge

There are more Hispanic worker In the building, but Ahmed Taylor doesn't discriminate them like me due they are the same color as he is.
Ahmed Taylor hates white Hispanic also for all the things that has done to me he believes that white Hispanics are dumb and he believes that, white Hispanic think that they are like white Americans.

I don't speak much English but I understand many things that day when he was furious he said many demeaning things about white Hispanic. And that happen after I request the payment of a day that they discounted on my paycheck and I did work that day and they allegedly that I did not punch in. And the manager knew that I was working that day helping the super and they decrease that from my paycheck from that day. they did it because they are bad.

Proof of that Ahmed Taylor hates white Hispanic is that my co-worker also has suffer from him, Erik Grimes his phone number (347) 236 - 1702 has been discriminated to because he has the same skin color as me, he work with them in 37 New Lot Plaza Residential in Brooklyn. Another proof is that among those buildings, most of the workers are black, I have a lot of friends on those buildings, I have seen the racism from Ahmed.

After he fired me, he continues to abuse of his power after two years that he fired me he hasn't give me the severance pay, according the code #10 of the union contract 32BJ, that belongs to me.

11/26/14

Ahmed Taylor said through the Union that if I don't sign a document, he wont give me the money that belong to me. Those are the words from a supervisor and representative of the Union32BJ Corrado Miola. Document aforementioned makes me waive the right that has a worker. I will attached the document for review.

11/26/14

*[signature]*

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

It is hereby agreed by and among St. Ann, 350 Limited Partnership, ("Employer" or "Company"), Service Employees International Union, Local 32BJ ("Union" or "Local 32BJ"), and Napoleon Vargas ("Vargas") as follows:

1. Vargas agrees and acknowledges that his employment with the Company ended on April 25, 2013. He further acknowledges and agrees that he will not in the future re-apply for employment with the Company as well as with its parent, corporation, subsidiaries, divisions, and affiliated entities.

2. In consideration for the payment in paragraph 5, Vargas releases and discharges the Employer, Reliant Realty Services, Inc., and its parent corporations, subsidiaries, divisions, and affiliated entities as well as each of the foregoing's respective officers, directors, agents, principals, members, shareholders, partners, employees, attorneys, administrators, heirs, successors and assigns (hereinafter referred to collectively as "Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever in law, admiralty, or equity, which against the Releasees, Vargas, Vargas's heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Settlement Agreement and General Release ("Agreement"). This release and discharge includes, but is not limited to, the release and discharge of Vargas of the Releasees from any and all claims arising out of or in connection with Vargas's employment with the Company, except any pending disability and or compensation claims. This release does not affect any claims arising after the effective date hereof.

3. Vargas represents that, as material inducement to the Employer to enter into this Agreement, there are no pending claims, charges, complaints or actions against the Releasees with any federal, state or local court or any administrative agency, except Case No. 16GB303602 pending at the Equal Employment Opportunity Commission ("EEOC") and Civil Action No. 13. Civ.2341 pending at the United States District Court for the Southern District of New York. Vargas shall sign the letter annexed hereto to the EEOC and a copy of the letter shall be mailed to the EEOC. Vargas shall also execute the attached stipulation of discontinuance for the court case in the United States District Court for the Southern District of New York. Vargas further represents and warrants that he has not transferred or assigned, or attempted to transfer or assign, to any person or any entity, any claim that he may have against the Releasees.

4. Vargas shall not institute any action, which exists or may accrue, against the Releasees with any federal, state or local court or any administrative agency. Vargas also shall not accept any award or settlement with respect to any action, complaint, charge, lawsuit or other proceeding against the Releasees, whether as a member of a class or otherwise. In the event Vargas institutes, is a party or is a member of a class that institutes any claim or action against the Releasees, Vargas agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement. Vargas shall execute any papers necessary to

achieve this end. Vargas shall reimburse the Releasees for all legal fees, costs, and disbursements they incur in defending and obtaining the dismissal of such claims instituted with Vargas's consent. Vargas shall not make or cause to be made any statements, observations or opinions, or communicate any information (whether oral or written) that disparages, demeans, defames or harms the reputation of the Releasees. Vargas also shall not interfere in any manner with the operation of the Releasees.

5. The Company shall pay Vargas two (2) weeks severance pay at the April 25, 2013 pay rate minus payroll deductions as a final settlement, within the later of ten (10) days after the execution of this Agreement, or within ten (10) days after the company has been provided with notice of withdrawal of the charge pending at the EEOC and the United States District Court of the Southern District of New York provided the Agreement has not been revoked in accordance with paragraph 11 of this Agreement.

6. The Company will provide Vargas with a neutral reference letter of employment indicating dates of employment, position and wage rate.

7. Upon compliance of paragraph #5 of this Agreement Local 32BJ agrees to withdraw any grievance filed and not to file any other grievance or arbitration on behalf of Vargas and releases and discharges the Releasees from any and all claims involving Vargas except any claim for contributions to the benefit funds on behalf of Vargas.

8. Should any provision of this Agreement be declared illegal or unenforceable by any court or agency of competent jurisdiction, and such provision cannot be interpreted or modified so as to be enforceable, such provision shall immediately become null and void, leaving the remaining provisions of these documents in full force and effect. If Vargas engages in any conduct prohibited by paragraphs 1, 2, 3 and 4 Vargas will be liable to the Employer for monetary damages and other relief, including, costs and attorney's fees.

9. Vargas has been provided with the opportunity to have twenty-one (21) days to review this Agreement but he agrees that he does not require this time in order to review the Agreement. Vargas also has been advised in writing to consult with an attorney prior to executing this Agreement.

10. Vargas has seven (7) days following the execution of this Agreement to revoke this Agreement. The Agreement shall not become effective until seven (7) days after execution of it.

11. In the event Vargas does revoke this Agreement within said seven (7) days, the Agreement shall be null and void. Vargas will notify the Company in writing, within said seven (7) days of the execution of this Agreement that he has revoked the Agreement.

12. Vargas understands and agrees that he would not be entitled to receive the consideration specified herein except for the execution of this agreement and the fulfillment of promises and covenants that pertain to him.

13. Vargas specifically acknowledges and agrees that he releases and discharges the Releasees from claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et.seq., as amended.

14. Vargas agrees and acknowledges that he understands the terms of this Agreement. He agrees and acknowledges that he voluntarily enters into this Agreement and that he has had the opportunity to seek legal advice regarding the Agreement. Vargas understands and acknowledges that, by entering this Agreement, he is waiving all claims he may have against the Releasees, including, but not limited to, claims involving race discrimination, national origin discrimination, including under Executive Law Section 290, et.seq. and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq; New York State Human Rights Law, Executive Law Section 290, et. seq.and any and all allegations based on conduct occurring up to and including the date of this agreement.

15. Notwithstanding the foregoing, nothing in this Agreement shall be deemed to impose on Vargas any condition precedent, penalty or other limitation on Vargas's right to challenge his waiver of his claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. or to require the return of monies other than in accordance with the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et.seq.

Dated:                                                                  Dated:

St. Ann, 350 Limited Partnership c/o                                    Service Employees International
Reliant Realty services, Inc.                                           Union, Local 32BJ
                                                                        By:

By:_____                                      _____


_____
Napoleon Vargas           Dated